IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **CHEYENNE**<br>individually and on<br>behalf of other senior tenants<br><br>Plaintiff<br><br>vs<br><br>**MISSION ROCK RESIDENTIAL LLC**<br>dba **WOODSPRING APARTMENTS**<br><br>Defendant | Case No. 21CV26421<br><br>**SUMMONS** |

**TO: Mission Rock Residential LLC dba Woodspring Apartments**
**c/o C T Corporation System**
**780 Commercial Street SE, Suite 100**
**Salem, Oregon 97301**

NOTICE TO DEFENDANT:

READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

July 1, 2021

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

STATE OF OREGON )
) ss:
County of Multnomah )

I, the undersigned attorney of record for plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled cause.

July 1, 2021

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a document which you shall attach hereto.

July 1, 2021

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

6/29/2021 12:39 PM
21CV26421

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **CHEYENNE** individually and on behalf of other senior tenants<br><br>Plaintiff<br><br>vs<br><br>**MISSION ROCK RESIDENTIAL LLC** dba **WOODSPRING APARTMENTS**<br><br>Defendant | Case No.<br><br>**CLASS ACTION COMPLAINT FOR EQUITABLE RELIEF**<br><br>Unlawful Trade Practices<br><br>Jury Trial Requested<br>Filing Fee Authority: ORS 21.135<br>Not Subject to Mandatory Arbitration |

**1.**

**INTRODUCTION**

Defendant misled low-income seniors into thinking that Woodspring Apartments was a place they could move to retire on a fixed income.

In reality, Woodspring Apartments was owned by a $4.7 billion out-of-state investment corporation that bought the property with the intent to raise rents and force out low-income seniors, as soon as the corporation's 30-year agreement with the government to keep the property affordable expired.

Woodspring Apartments seniors and their families can learn more about their legal rights at no cost by calling 503-222-2000.

**2.**

**FACTUAL ALLEGATIONS**

The Circuit Court for the County of Multnomah in Oregon has jurisdiction because plaintiff's claim arises under the Oregon Unlawful Trade Practices Act, ORS 646.638. This complaint's allegations are based on personal knowledge as to plaintiff's own behavior and are made on information and belief as to the behavior of others.

**3.**

Plaintiff is a senior citizen with low income living in Oregon.

**4.**

Plaintiff is a "person" as that term is defined at ORS 646.605(4).

**5.**

Defendant is a Delaware limited liability company that conducts regular and sustained business as a residential property manager in Multnomah County, Oregon.

**6.**

Defendant is a "person" as that term is defined at ORS 646.605(4).

**7.**

Defendant regularly advertises and negotiates residential property leases and regularly makes representations to Oregon seniors pertaining to the qualities and styles of residential property leases in Oregon in the course of defendant's business.

8.

Over the past five years, defendant advertised and negotiated residential property leases and made representations to plaintiff and other class members in Oregon pertaining to the quality and style of the residential property leases at the Woodspring Apartments. In July of 2020, defendant advertised, negotiated, and sold plaintiff a residential property lease at the Woodspring Apartments. Defendant, through its advertising and through its agents, specifically represented to plaintiff both in writing and verbally that Woodspring Apartments had the quality and style of being an apartment complex community exclusively for low-income seniors living on a fixed income. Defendant advertised a sign to plaintiff and the other class members stating "seniors-only" and "55 or better" on the Woodspring Apartments premises. Plaintiff signed a residential property lease at Woodspring Apartments specifically because defendant led her to believe that Woodspring Apartments had the quality and style of being an apartment complex exclusively for low-income seniors looking to retire and live out their twilight years on a fixed income in a seniors-only community. Plaintiff is a disabled senior citizen who cannot easily move her belongings to a new residence, and plaintiff specifically moved into Woodspring Apartments to spend her twilight years there and to retire there on her fixed income in reliance on defendant's affirmative representations (and defendant's omissions) as alleged in this complaint.

**9.**

On or around January 1, 2021, plaintiff and the other class members discovered for the first time that defendant had misrepresented (through both affirmative misrepresentations and through omission) that Woodspring Apartments was allegedly an apartment complex exclusively for low-income seniors.

**10.**

On January 1, 2021, through a notice attached to their doors, plaintiff and the other class members discovered that Woodspring Apartments was required to be low-income housing as part of its original development, and that in exchange for tax credits under a federal program, the owners of Woodspring Apartments had agreed to keep the apartment complex rents below market rate for 30 years. Plaintiff and the class members discovered that for the past five years, defendant and the $4.7 billion out-of-state investment corporation that owned the property, knew that the property would not continue to be an apartment complex exclusively for low-income seniors, and defendant intentionally omitted this information from plaintiff and the class members in order to induce them to enter residential property leases at Woodspring Apartments. As a result of defendant's willful omission of this information, plaintiff and the class members suffered ascertainable losses because they entered residential property leases in reliance on defendant's misrepresentations as alleged in this complaint that they otherwise would not have entered if not for defendant's misrepresentations about Woodspring Apartments allegedly being an apartment complex exclusively for low-income seniors.

**11.**

The residential leases defendant advertised and sold to plaintiff and other class members were obtained primarily for their personal, family or household purposes. Upon information and belief, after January 1, 2021, defendant began soliciting non-seniors to move into Woodspring Apartments. If it was not for defendant's misrepresentations and omissions as alleged in this complaint, plaintiff would not have paid to enter a residential lease at Woodspring Apartments and would not have moved into Woodspring Apartments, only to now be left to find another place to live less than a year after moving into what was advertised as an apartment complex exclusively for seniors on fixed income.

**12.**

Defendant's behavior as alleged in this complaint violated ORS 646.608(1)(b) in the course of its business by causing likelihood of confusion or of misunderstanding as to Woodspring Apartments' alleged certification as being exclusively a senior living complex, when in fact defendant knew or should have known that Woodspring Apartments was not in fact a certified complex for low-income seniors, causing plaintiff and other class members ascertainable losses including moving expenses, rent payments, and the diminished value of their residential property lease that was advertised as a certified complex for low-income seniors when defendant knew or should have known that the property rents would raise significantly and the complex would no longer be for low-income seniors.

13.

Defendant's behavior as alleged in this complaint violated ORS 646.608(1)(e) in the course of its business by representing that plaintiff's residential property lease and her tenancy at the Woodspring Apartments had the quality of being exclusively for low-income seniors, when defendant knew or should have known that Woodspring Apartments would not in fact be exclusively for low-income seniors, causing plaintiff and other class members ascertainable losses including moving expenses, rent payments, and the diminished value of their residential property lease that was advertised as being exclusively for low-income seniors when defendant knew or should have known that the property rents would raise significantly and the complex would no longer be for low-income seniors.

14.

Defendant's behavior as alleged in this complaint violated ORS 646.608(1)(g) in the course of its business by representing that plaintiff's residential property lease and her tenancy at the Woodspring Apartments had the style of being exclusively for low-income seniors, when defendant knew or should have known that Woodspring Apartments would not in fact be exclusively for low-income seniors, causing plaintiff and other class members ascertainable losses including moving expenses, rent payments, and the diminished value of their residential property lease that was advertised as being exclusively for low-income seniors when defendant knew or should have known that the property rents would raise significantly and the complex would no longer be for low-income seniors.

**15.**

Defendant's behavior as alleged in this complaint violated ORS 646.608(1)(t) in the course of its business by representing that plaintiff's residential property lease and her tenancy at the Woodspring Apartments was exclusively for low-income seniors, and by failing to disclose concurrent with delivery that Woodspring Apartments would not in fact conform to this representation and instead that rents would increase substantially and non-seniors would be solicited to live at Woodspring Apartments, causing plaintiff and other class members ascertainable losses including moving expenses, rent payments, and the diminished value of their residential property lease that was advertised as being exclusively for low-income seniors.

**16.**

**REQUEST FOR JURY TRIAL**

Plaintiff respectfully requests a trial by a jury.

**17.**

**CAUSE OF ACTION**

**Unlawful Trade Practices**

This claim is not a request for damages at this time, only equitable and injunctive relief. Plaintiff and the other class members intend to request damages in a subsequent amended complaint. As alleged in this complaint, defendant's behavior violated ORS 646.608, including subsections (b), (e), (g), and (t), causing plaintiff and the other class members ascertainable losses. Defendant's violation of ORS 646.608 as alleged in this complaint was willful because defendant knew that its behavior as alleged in this complaint was an unlawful trade practice or acted with reckless disregard that its conduct could be an unlawful trade practice. Defendant knew or should have known that Oregon law protects low-income seniors from unfair and deceptive practices. Under ORS 646.638, plaintiff requests an order that defendant's behavior violated ORS 646.608, entitling plaintiff to relief under ORS 646.638, reasonable attorney fees, costs and disbursements, an order prohibiting defendant from continuing to violate ORS 646.608 and an order requiring defendant to maintain and operate Woodspring Apartments exclusively for low-income seniors moving forward as advertised to plaintiff, and an order requiring defendant to preserve all documents and information (and electronically stored information) pertaining to this case.

**18.**

**PRAYER FOR RELIEF**

Plaintiff respectfully requests relief against defendant as sought above and any other relief the Court may deem appropriate.

June 29, 2021

**RESPECTFULLY FILED,**

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Plaintiff
The Law Office of Kelly D. Jones
kellydonovanjones@gmail.com

**Kevin Mehrens, OSB No. 074589**
Of Attorneys for Plaintiff
Law Office of Kevin Mehrens
kevin@mehrenslaw.com

## CERTIFICATE OF SERVICE

I certify that I cause this document to be served on:

**State of Oregon**
**c/o Oregon Department of Justice**
**1162 Court St. NE**
**Salem, Oregon 97301-4096**

June 29, 2021

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000